**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ANDREW J. PEREZ, Defendant**

Case No. 694-1969

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ANDREW J. PEREZ, Defendant**

Crim. Case No. 795-1969

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ANDREW J. PEREZ, Defendant**

Crim. Case No. 796-1969

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**V.I.P. AUTO LEASING, INC., Defendant**

Crim. Case No. 916-1969

**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**ANDREW J. PEREZ, Defendant**

Crim. Case No. 1095-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

May 19, 1970

EDWIN ARMSTRONG, Assistant Attorney General, *for the Government*

HOWARD GIBBS, Attorney, Esq., *for defendant*

MICHAEL, *Municipal Judge*

OPINION

The defendants Andrew J. Perez, and Andrew J. Perez, as agent for the V.I.P. Auto Leasing, Inc., are charged with violations of certain sections of the Virgin Islands Code, namely:

1. Title 13 sec. 401, by the defendant Perez engaging in business for the defendant Corporation, which is not authorized to do business in the Virgin Islands, by importing and selling vehicles in the Virgin Islands. Crim. No. 795-1969.

2. Title 27 sec. 301(a), by the defendant Perez transacting business in the Virgin Islands for the Corporation, by importing five (5) vehicles and selling said vehicles without obtaining a license. Crim. No. 796-1969.

3. Title 33 secs. 42, 44 & 53, by the defendant Corporation doing business through Perez as President and failing to file reports and pay excise taxes for certain months of 1969. Crim. No. 916-1969.

4. Title 33 secs. 42, 44 & 53, by defendant Perez, and Perez as agent for the Corporation failing to file reports and pay excise taxes for certain months of 1969. Crim. No. 1095-1969.

Also issued out of this court on August 22, 1969 was a temporary injunction enjoining and restraining the defendants from continuing the acts for which they stand charged, said restraining order to remain in effect until September 24, 1969. The criminal cases were continued peremptorily for trial on that date by consent of the attorneys for the respective parties.

414

The criminal cases came on for trial on September 24, October 24 and November 14, 1969, at the conclusion of which the court requested that briefs be submitted.

### FINDINGS OF FACT

1. That the defendant the V.I.P. Auto Leasing, Inc., is a foreign corporation, organized under the laws of the State of Florida. (See Trans. pg. 146.)

2. That the defendant Andrew J. Perez, a resident of the Virgin Islands, was the agent and President of the corporation during the period herein considered. (See Trans. pgs. 128, 129.)

3. That during certain months mentioned in the complaints, and as shown by Exhibits admitted into evidence, motor vehicles were shipped to the Virgin Islands consigned to the V.I.P. Auto Leasing, Inc., and were received and freight paid for by the defendant Perez as President of the Corporation.

4. That some of the vehicles were afterwards sold to various persons residing in the Virgin Islands under documents entitled "Memorandum Bill of Sale", all of which containing, more or less, the same information, except as to date, kind of vehicle, price and terms, as follows:

"V. I. P. AUTO LEASING, INC.
 Serving South Florida and the U.S. Virgin Islands

A. J. PEREZ                    Please Address Replies To:
   President                    418 S. W. 10th Street
                                Miami, Florida 33130
                                May 10th, 1969

### MEMORANDUM BILL OF SALE

This is to certify that V.I.P. AUTO LEASING, INC., A Florida Corporation, has agreed to sell to ALP CONSTRUCTION CORP., of St. Thomas, U.S. Virgin Islands, one (1) 1969 FORD F-100 Pickup truck, the said vehicle bearing manufacturer's *Serial Number F10ACF34030*, including the following equipment:

1969 FORD F-100 Styleside Pickup, 131″ wheelbase
240 C.I.D. six cylinder engine
3-speed standard transmission, fully synchronized
Ampmeter and Oil gauges
1,650 Lb. heavy duty rear springs
Left and Right West Coast Mirrors (2)
Five (5) 815 x 15 B.S.W. tires, 4 Ply rated
Optional painted rear bumper
Left and Right (2) contractor tool boxes w/locks.

SALE PRICE AND TERMS:

| | |
|---|---:|
| Total Price, F.O.B. St. Thomas | $3,750.00 + |
| Deposit with order | 250.00 — |
| Deposit when shipped | 500.00 — |
| BALANCE DUE ON DELIVERY | $3,000.00 |

V.I.P. AUTO LEASING, INC.

/s/ A. J. Perez
A. J. PEREZ, President

NOTE: Sale subject to approval by an officer of V.I.P. AUTO LEASING, INC., at Miami, Florida, U.S.A."

5. That there was no written order taken by the defendant, but the persons in cases solicited were told that the "order" had to be approved by an officer of the Corporation at Miami.

6. That at time of solicitation a down payment was made to the defendant Perez.

7. That the document as described above was signed by the defendant Perez as President of the Corporation and delivered to the purchaser at the time the vehicle was delivered and paid for.

8. That on occasions vehicles were sold from stock on hand. (See Trans. pg. 136.)

9. That at the bottom of each Memorandum Bill of Sale the following, with slight variations, appears:

"Note: Sale subject to approval by an officer of the V.I.P. Auto Leasing, Inc., at Miami, Florida, U.S.A."

10. That the defendant Corporation is not qualified to do business in the Virgin Islands under 13 V.I.C. 401–405.

11. That the defendant Corporation did business in the Virgin Islands through its agent, Andrew J. Perez.

12. That the defendant Perez received and sold motor vehicles in the Virgin Islands, during which time he did not possess a business license.

13. That the defendant Corporation has not filed reports or paid excise taxes on the vehicles received by it, through its agent and president, Perez, by whom the vehicles were sold.

14. That the defendant Perez has not filed reports or paid excise taxes on the vehicles received and afterwards sold.

15. That defendant Perez applied for and obtained a Dealer's License at the Department of Public Safety on March 6, 1969, which states as follows:

"APPLICATION FOR DEALER'S LICENSE

Date March 6, 1969

Name of Applicant A. J. Perez (as agent)
DATE OF BIRTH Dec. 25, 1930 Citizenship U.S.
Doing Business as
Address of Business c/o Indies House, Magens Bay Road
St. Thomas, V.I.
"Description of vehicles to be sold; (give models, makes, whether new or used, etc.).
New and Used Passenger Cars, Trucks, Busses, etc. As Importer Of Such Vehicles, All Makes,
In making this application I swear or affirm that I am familiar with the requirements of 20 V.I.C. § 336 as the same relates to Dealer's Licenses and that my Dealer's License may be revoked by the Commissioner of. Public Safety should I violate any of the conditions of this Dealer's License.

/s/ A. J. Perez
———————————
signature of applicant

DEPARTMENT OF PUBLIC SAFETY
VIRGIN ISLANDS, U.S.A.
DEALER'S LICENSE

Date March 6, 1969
A.J. Perez (as agent)     d/b/a _____
is licensed by the Department of Public Safety, Government of
the Virgin Islands, U.S.A., to engage in the business of buying
and selling new and used motor vehicles in the Virgin Islands.
Dealer's License Number
Number of plates issued
Cashier
/s/ Jens G. Hendricks
Asst. Commissioner
        Dated Mar. 6–69"

Section 403(2) of Title 13 of the Virgin Islands Code
upon which the defendants rely as exempting them from
the requirements of qualifying to do business in the Virgin Islands, filing reports and paying excise taxes, and of
obtaining a business license, provides as follows:

Title 13 sec. 403(2) "it employs salesmen, either resident or
traveling, to solicit orders in the Virgin Islands either by display
of samples or otherwise (whether or not maintaining sales offices
in the Virgin Islands), all orders being subject to approval at the
offices of the corporation without the Virgin Islands, and all goods
applicable to the orders being shipped in pursuance thereof from
without the Virgin Islands to the vendee or to the seller or his
agent for delivery to the vendee, and if any samples kept within
the Virgin Islands are for display or advertising purposes only, and
no sales, repairs or replacements are made from stock on hand in
the Virgin Islands; or"

■ The intent of the Legislature in adding the above
provisions, as indicated by the footnote, was to exclude
bona fide transactions in interstate commerce from complying with sections 401 and 402.

■ An analysis of the section shows that in order to
operate under its aegis, 1) *orders* must be solicited in the
Virgin Islands; 2) *orders* must be subject to approval

418

at the offices of the corporation without the Virgin Islands; 3) goods applicable to the *orders* are to be shipped in pursuance of the approved orders from without the Virgin Islands "to the vendee or to the seller or his agent for delivery to the vendee . . . *and no sales* . . . are made from stock on hand in the Virgin Islands." (Italics supplied.)

By the testimony of the defendant Perez the purchaser upon solicitation was told something to the effect that the order had to be approved by officers of the Corporation, by the Ford Motor Company and by the selling dealer in Florida.

■ While the section involved does not say by whom the approval of the orders is to be made, it does state that the approval must be made at the office of the corporation without the Virgin Islands and to whom shipped. It does not appear, therefore, that the defendants in the cases under consideration are obliged to show that the orders were approved by more than one officer of the Corporation, by the Ford Motor Co., and by the selling dealer in Florida. The question is, were the *orders* approved at the offices of the corporation without the Virgin Islands?

■ The statute contemplates approval of an "order", not approval of a "sale". This distinction is important in order to comply with the local statute and obtain the exemption provided thereby.

■ A reading of the Memorandum of Sale, signed by the defendant Perez as President, and upon which the defendants rely as the document indicating that approval is to be obtained by an officer of the Corporation at Miami, Florida, will disclose that it cannot be considered an "order" in contemplation of the provisions of the section, to be approved by an officer of the Corporation at Miami, inasmuch as according to the testimony of

the Defendant Perez, it is the document which is delivered when the vehicle is already in the Virgin Islands and paid for by the purchaser to the agent, thereby consummating the sale in the Virgin Islands. If approval of the "order" had already been obtained, it would not have been necessary to have the notation at the bottom to the effect that the "sale" was subject to approval by an officer of the V.I.P. Leasing, Inc., at Miami. On top of that, if this document is to be considered as the original "order" solicited by the salesman, it is apparent that the salesman here could not have known the serial number of the vehicle at the time the order was taken and which the document contains.

The statute provides that the orders shipped in pursuance of the solicitation by the salesman from without the Virgin Islands must be shipped to the vendee or to the seller or his agent. While it was testified by the defendant Perez that in a few cases the vehicles were shipped directly to the purchaser, all of the exhibits submitted by the Government indicate that the consignee was the Corporation and delivery made to the defendant Perez who paid the charges and signed the bill of lading as President of the Corporation. The consignment of the vehicles to the Corporation and the receipt of them by its President was no "accommodation" consignee, a possible inference advanced by the defendants before it was admitted that the V.I.P. Auto Leasing, Inc., is a foreign corporation, organized under the laws of the State of Florida.

The defendant Perez having imported the vehicles (see pl's Ex. 14) and the Corporation having shipped them to itself, and its agent having received them, paying the charges and thereafter receiving payment in the Virgin Islands, indicate that neither the property in the goods nor title thereto passed when they were shipped, but

rather both property and title remained in the Corporation and the sale consummated in the Virgin Islands.

In addition to the above, the defendant Perez admitted making sales of vehicles in his direct testimony at page 129 of the transcript, as follows:

Q. Did you have any samples:

A. I had my own personal car.

Q. Can you show that? You didn't have a showroom with samples to show prospective purchasers?

A. On some occasions, there were vehicles that could be shown.

Q. What belonged to people or consigned to other people?

A. They were *originally* consigned to other people. (Italics supplied.)

And at page 135 of the transcript:

Q. Now, when you solicited these orders subject to what you say the conditions were of sale, were these vehicles shipped in pursuance of these orders from without the Virgin Islands to the prospective vendee or to the purchaser of the vehicles or to you as his agent for delivery to the vendee:

A. I believe in most cases they were shipped to the Corporation as consignee.

Q. But, in all cases, they were shipped from without the Virgin Islands to the Virgin Islands?

A. Yes, sir.

Q. Were there any sales, repairs or replacement on those vehicles made from stock on hand in the Virgin Islands?

A. *Occasionally.* (Italics supplied.)

Considering the above, there can be no doubt but that the defendant Corporation, through its agent, the

421

President, has been doing business in the Virgin Islands by importing motor vehicles in the Virgin Islands, the sales of many of which, if not all, were consummated in the Virgin Islands, and that sales were made from stock on hand in the Virgin Islands, contrary to the governing statute.

■ Undoubtedly, the Virgin Islands or any state would have no authority to pass laws which would interfere with interstate commerce, but sales which are consummated wholly within the limits of a state, such as the evidence herein discloses, do not constitute interstate commerce. A. Magnono v. Hamilton, 292 U.S. 40, 78 L.Ed. 1109.

While mere solicitation without more is not doing business, in the case of International Harvester Co. v. Kentucky, 234 U.S. 579, 58 L.Ed. 1479, where the question was whether the company was doing business in Kentucky, the court held in the affirmative, stating that "Here was a continuous course of business in the solicitation of orders which were sent to another state in response to which the machines of the Harvester Company were delivered within the state of Kentucky. This was a course of business, not a single transaction. Agents not only solicited such orders in Kentucky, but might there receive payment in money, checks or drafts."

The operations of the defendants in the cases before the court went not only beyond those of the defendant in the above case, but beyond those excluded under 13 V.I.C. 403(2).

From the above findings and discussion the court concludes as a matter of law that both defendants have been doing business in the Virgin Islands, contrary to law, and as charged in the above-entitled cases.

The defendants claim that in the event the court makes an adverse finding to the arguments they advanced with reference to the violations with which they are charged, that wilfullness, as required by the statute, has not

been proved and that they were perfectly within their rights in assuming the protection afforded by sec. 403.

■ ■ The very fact that they claim exemption under section 403 is proof beyond a reasonable doubt that they are aware of its "conditions", and their failure to comply with "any of them", as shown above, including admissions of the defendant Perez, provides the wilfullness required by 1 V.I.C. 41, which states that " 'wilful' or 'wilfully', when applied to the intent with which the act is done or omitted, implies simply a purpose or willingness to commit the act, or make the omission referred to." Moreover, as was stated in U.S. v. Balint, 258 U.S. 250, 66 L.Ed. 604, "It is immaterial that the defendant acted in good faith or did not know he was violating the law, since, in the interest of the public, the burden is placed upon the actor of ascertaining at his peril whether his deed is within the prohibition of any criminal statute." In the instant cases, the court believes the defendants knew they were violating the law.

The same is true with respect to the defendant Perez acting for himself and for the Corporation in not obtaining a license to do business and filing reports and paying excise taxes. The court does not believe he did not know he was violating the law, even though he obtained, as he testified, an exemption of the federal excise tax.

In his testimony he stated he is familiar with the provisions of the Internal Revenue Code as it relates to excise taxes on new vehicles. The court finds that the governing section of Chapter 32 cited by the defendant Perez to be sec. 4225, as follows:

"Sec. 4225. EXEMPTION FOR EXPORTS.

"Under regulations prescribed by the Secretary or his delegate, no tax shall be imposed under this chapter upon the sale of any

article for export or for shipment to a possession of the United States, and in due course so exported or shipped."

It is clear that anyone who obtains an exemption under the above section is aware of its provisions and put on notice that the exemption is *only* on the *exportation* or *shipment* of the article to the possession, and not upon the article after it has come to rest in the possession and the sale thereof is to be consummated in the possession.

Excise taxes under the Internal Revenue Code and local excise taxes are imposed by separate governmental agencies, which the defendant Perez, acting for himself and for the Corporation, knew or ought to have known. That they intended to do business in this jurisdiction and did business therein is evident, defendant Perez having applied and obtained a Dealer's License as shown above.

With respect to the Corporation being engaged in business in the Virgin Islands and Perez transacting business for it without its complying with the governing sections of the code, the court finds that although the complaint used the words "wilful", the governing section, 406, does not require any wilful intent. Consequently, no such intent is required to be proved in its violation.

From all of the above the court finds the defendant Perez guilty of 1) Criminal No. 796-1969; 2) Criminal No. 795-1969 and 3) Criminal No. 1095-1969, jointly with the V.I.P. Auto Leasing, Inc., excluding the month of March mentioned in the complaint.

The case against the V.I.P. Auto Leasing, Inc., Crim. No. 916-1969 is dismissed, it being a duplication of Crim. No. 1095-1969.

While the court finds that the V.I.P. Auto Leasing, Inc., has been doing business in the Virgin Islands through its agent and President Andrew J. Perez, without qualifying

424

under 13 V.I.C. 401, no such action was brought against the Corporation.

The Temporary Injunction and Restraining Order issued out of this court dated August 22, 1969 having expired by its consented terms, and the court having found that the defendant Andrew J. Perez has been doing the acts complained of by the petitioner, and there being no adequate remedy at law, petitioner will submit for signature a permanent injunction based on the findings of the court with reference to Andrew J. Perez as contained herein.

Sentence shall be imposed on the 3rd day of June, 1970.